IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-58-1H
No. 4:19-CV-152-H

DAVID DEVONNE BATTISTE,  )
    Petitioner,  )
                                       )
    v.  )      **ORDER**
                                       )
UNITED STATES OF AMERICA,  )
    Respondent.

      This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #88]. The government filed a motion to dismiss, [DE #93], to which petitioner responded, [DE #99]. This matter is ripe for adjudication.

## BACKGROUND

      On April 7, 2015, petitioner pled guilty, pursuant to a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119(1), (Count One), and using and carrying and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two). On October 6, 2015, petitioner was sentenced to a total term of imprisonment of 327 months, and this judgment was set aside by order of this court on October 13, 2015 pursuant to Fed. R. Crim. P. 35(a).[1] [DE #62]. On November 10, 2015, the court sentenced petitioner to a total

---

[1] While the total term of imprisonment was correct, the distribution of the sentence between the two counts was improper.

term of imprisonment of 324 months, including 180 months on Count 1 and 244 months on Count Two. [DE #68]. Petitioner appealed, challenging his career offender designation and the district court's denial of his oral motion to withdraw his guilty plea, and the Fourth Circuit Court of Appeals affirmed in part and dismissed in part on October 3, 2018.[2] [DE #83].

On October 21, 2019, petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #88], arguing various claims of ineffective assistance of counsel.

## COURT'S DISCUSSION

### I. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v.

---

[2] The appeal was held in abeyance on September 28, 2016, pending the Fourth Circuit's decisions in United States v. Walker, Case No. 15-4301, United States v. Simms, Case No. 15-4640, and United States v. Evans, Case No. 16-4094. [DE #80].

2

Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).

**II. Analysis**

   **A. Grounds One and Two**

Petitioner contends counsel rendered ineffective assistance by (1) failing to submit a motion to withdraw petitioner's guilty plea when petitioner requested him to do so, [DE #88 at 4-5], and 2) allegedly lying to the court that counsel was not aware until the morning of sentencing that petitioner wanted him to postpone

3

sentencing in order to file a motion to withdraw his guilty plea, [DE #88 at 6].

Petitioner's first attorney represented him at arraignment and then moved to withdraw before sentencing due to a conflict of interest. [DE #36]. A second attorney was appointed, who moved to withdraw after one month due to a breakdown in communication with petitioner.[3] [DE #45 and #47]. A third attorney was appointed to represent petitioner at sentencing. [DE #48]. Petitioner argues his first attorney, Mr. Robert Bell, informed him that "once [he] took that motor vehicle, [he] committed a 2119." [DE #88 at 5]. Petitioner contends he did not have the requisite intent to commit carjacking, and if not for former counsel's misleading information, he would have proceeded to trial. [DE #88 at 4-5; DE #99 at 2; DE #74 at 3]. This assertion that he was misadvised as to intent and did not have the requisite intent is refuted by his statements and the factual basis at his Rule 11 hearing.

Petitioner contends sentencing counsel rendered ineffective assistance by failing to move to withdraw the guilty plea until sentencing. Petitioner argues the late-in-time motion appeared to waste judicial resources, and counsel lied when he stated to the court that he was not informed until that morning of petitioner's desire to postpone the sentencing and to move to withdraw his

---

[3] Petitioner does not assert claims of ineffective assistance against his second attorney Mr. Frank Harper and does not include him in the list of attorneys in his motion to vacate. [DE #88 at 11].

4

guilty plea. Petitioner attached a letter that he wrote to counsel more than one month prior to sentencing in which he stated to counsel that he wanted to move to withdraw his guilty plea. [DE #88-1 at 5]. However, petitioner has not shown prejudice.

Although petitioner reiterates his argument made at the sentencing hearing on his oral motion to withdraw the guilty plea, that he did not understand the law, particularly the penalties he was facing at the time of his plea, these allegations are refuted by the record, as also found by the undersigned at the sentencing hearing. [DE #74 at 2-7].

At his Rule 11 hearing, petitioner responded affirmatively that he understood the charges against him, the terms of his plea agreement and that he was pleading guilty of his own free will because he is was in fact guilty. [DE #76 at 13, 17-18]. He stated under oath that he was guilty of carjacking. [DE #76 at 20]. When asked by United States Magistrate Judge Kimberly A. Swank, "did you, as charged in Count One, on or about July 15th, 2013, knowingly and with intent to cause death or serious bodily injury take a motor vehicle that had been transported, shipped, and received in interstate or foreign commerce from the person and the presence of another by force or violence or by intimidation," petitioner answered affirmatively. Id. The factual basis provided during the Rule 11 colloquy established that petitioner discharged his firearm toward the passenger of a vehicle who refused to exit

5

a vehicle during the carjacking. Id. at 21-22. Neither petitioner nor his counsel objected to the factual basis. Id. at 23.

"[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks and citations omitted). Additionally, to the extent petitioner contends he would have proceeded to trial but for the alleged misadvice of arraignment counsel as to the elements of carjacking, [DE #88 at 4], the court notes petitioner has not shown there is a "reasonable probability" that "he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.[4] In light of petitioner's solemn declarations in open court, indicating his understanding and willingness to enter his plea of guilty after conferring with his counsel, petitioner's contrary claims, one and two, fail.

**B. Ground Three**

Petitioner contends counsel rendered ineffective assistance by misadvising him that carjacking was not a crime of violence, and that he would not be sentenced under § 924(c) or as a career offender, [DE #88 at 7; DE #88-1 at 7]. Petitioner references

---

[4] Petitioner appealed the district court's denial of the motion to withdraw guilty plea, and the Fourth Circuit considered this argument on the merits and affirmed. [DE #83 at 3-4].

6

sentencing counsel's letter to him informing him "based on the Supreme Court's recent ruling in [United States v. Johnson, 135 S. Ct. 2551 (2015)] and prior case law, you cannot be sentenced on the [§] 924(c) charge as carjacking is not a crime of violence; this argument also applies to the career offender status." [DE #88-1 at 7].

Sentencing counsel objected in writing to the career offender designation in the PSR based on carjacking not being a crime of violence under Johnson, and the Fourth Circuit had not yet decided this issue. Indeed, the definition of "crime of violence" under the United States Sentencing Guidelines was unsettled following Johnson, and the "force clause" of the definition under the Guidelines was not decided until over a year and a half after petitioner was sentenced. Beckles v. United States, 137 S. Ct. 886 (2017). During the pendency of petitioner's appeal, on February 2, 2017, the Fourth Circuit held in United States v. Evans, 848 F.3d 242 (4th Cir.), cert. denied, 137 S. Ct. 2253 (2017) that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under 18 U.S.C. § 924(c).[5] Evans had been pending since the notice of appeal was first filed on February 25, 2016, almost three months after petitioner's sentencing. Under the law

---

[5] The court notes the definition for the force clause of § 924(c)(3)(A) is the same as the definition of the force clause for a crime of violence under USSG § 4B1.2(a)(1) except that § 924(c)(3)(A) includes "or property," and the reasoning of the Fourth Circuit in Evans did not rely on the use of force "against property."

7

that existed at the time of sentencing, counsel for petitioner was within the "wide range of reasonable professional assistance" to argue that carjacking was not a crime of violence. Strickland, 466 at 689. Even if the court were to find that petitioner's counsel fell below the standard of reasonable assistance, petitioner has not shown prejudice, that is, "the result of the proceeding would have been different" in light of Evans.[6] Strickland, 466 U.S. at 694. Therefore, this argument is without merit.

**C. Ground Four**

Petitioner contends counsel rendered ineffective assistance by misadvising him on appeal by not filing cases in support due allegedly to the status of his case and not filing a reply to the government's brief when requested by petitioner, [DE #88 at 9; DE #88-1 at 9]. As of February 2, 2017, the case law in the Fourth Circuit provided that carjacking is a crime of violence. Evans, 848 F.3d at 247-48. The appeal waiver precluded the majority of petitioner's claims. Petitioner's appeal was held in abeyance pending the resolution of Evans, and given its resolution and

---

[6] To the extent petitioner contends he would have proceeded to trial after the alleged misadvice of sentencing counsel as to carjacking not being a crime of violence under § 924(c) and him not being a career offender, [DE #99 at 7], the court notes as stated supra that petitioner had already entered a guilty plea, and sentencing counsel orally moved to withdraw petitioner's guilty plea at sentencing as requested to do so. [DE #74 at 2].

8

petitioner's appeal waiver, petitioner has not shown prejudice as to counsel's failure to file a reply to the government's brief.

Therefore, this argument also fails.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #93], is hereby GRANTED, and petitioner's motion to vacate, [DE #88], is hereby DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 22nd day of September 2020.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35